HARRIMAN NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12313, 29615. Promulgated December 17, 1928.

*George Roscoe Davis, Esq.*, and *H. Kennedy McCook, Esq.*, for the
petitioner.

*M. N. Fisher, Esq.*, for the respondent.

744

OPINION.

Murdock: The sole question presented for consideration at this time is whether the petitioner was a dealer in securities during the taxable years and as such entitled to inventory its securities at market

in computing its taxable net income. Section 203 of the Revenue Act of 1918 provides for the use of inventories in certain cases where in the opinion of the Commissioner their use is necessary. The Revenue Act of 1921 contains an identical provision. The Commissioner issued Regulations 45 containing article 1585, which was amended by Treasury Decision 3296. This article as amended provided that a dealer in securities under certain circumstances could use inventories in making his income-tax return. The petitioner does not attack this article of the regulations, but, on the contrary, cites the same as authority for inventorying its securities. The Commissioner has denied the petitioner's claim for a shrinkage in the market value of its securities for the taxable years on the ground that it is not a dealer in securities. The issue being thus narrowed, we are not particularly concerned with the method used by the petitioner in keeping its books and in making its income-tax returns.

The petitioner had a duty to present to us a sufficiently detailed and complete picture of its transactions in securities to enable us to judge intelligently whether or not it was a dealer. We will not say what proof was necessary, for we do not know the facts, and the circumstances in one case might vary greatly from those of any other.

The proof in this case is inadequate and leaves most of the picture hidden. Consequently we are in doubt as to whether the petitioner was a dealer in securities. We know that it purchased and sold various corporate and Government bonds and that it maintained a "separate department" for this purpose, but these facts are not conclusive of the issue. It might have purchased these securities in order to invest its surplus funds and in order to properly invest its surplus funds it might have maintained a separate department. We only have the words "separate department." We have none of the facts as to how that department functioned. Customers were mentioned by the witnesses in a general way only. We do not know in what way the petitioner held itself out to the public in regard to the securities involved. We do not know that it had a single customer or that it ever tried to get one. An analysis of the meager evidence presented is difficult and leads nowhere. Certain facts, as for example, the length of time the securities were held, the small number of transactions, and the use to which some of the securities were put would tend to support the Commissioner's determination. Other circumstances may have some tendency to show that the petitioner was a dealer in securities, but after carefully considering all the evidence we are unable to determine that the Commissioner was in error.

*Further proceedings will be had under Rule 62 (b).*